UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HIGINIO DERAS LOPEZ,**<br><br>Petitioner,<br><br>v.<br><br>**WARDEN THOMPSON FCI FORT DIX,**<br><br>Respondent. | Case No. 24–cv–05860–ESK<br><br>OPINION |

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on petitioner Higinio Deras Lopez's petition for writ of habeas corpus under 28 U.S.C. §2241 (Petition) arguing that the Bureau of Prisons (Bureau) improperly revoked his good conduct credits that he had earned pursuant to the First Step Act (Act). (ECF No. 1.) He also moves to amend the Petition to include a challenge to the validity of the Notice and Order of Expedited Removal (Removal Order), (ECF No. 7), and an *Ex Post Facto* argument, (ECF No. 9) (collectively Motion). Respondent Fort Dix Warden opposes the Petition but did not file opposition to the Motion. (ECF No. 6.) For the following reasons, I will dismiss the Petition as unexhausted and deny the Motion.

    **I.    FACTS AND PROCEDURAL HISTORY**

    Petitioner is a citizen of Guatemala. (ECF No. 6–1 p. 10.) On April 3, 2017, petitioner pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vehicle subject to the jurisdiction of the United States, 46 U.S.C. §§70503(a), 70506(a)-(b). *United*

*States v. Lopez*, No. 8:16–cr–00480 (M.D. Fla. Apr. 3, 2017) (ECF No. 48.)[1] Petitioner received a 120-month sentence, followed by a five-year supervised release term, on July 6, 2017. *Lopez*, No. 8:16–cr–00480 (ECF No. 86.) His projected release date from custody is May 8, 2025. (ECF No. 6–1 p. 6.)

On February 12, 2024, the Department of Homeland Security (Department) issued a Notice and Order of Expedited Removal to petitioner pursuant to the Immigration and Nationality Act "as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa … or other valid entry document … ." (*Id.* pp. 10, 11); 8 U.S.C. § 1182(a)(7)(A)(i)(I). Petitioner refused to sign the Removal Order. (ECF No. 6–1 p.10.)

Petitioner filed his Petition on May 6, 2024 while confined in Fort Dix Federal Correctional Institution (Fort Dix). (ECF No. 1.) He argued that the Bureau erroneously concluded that he had a final order of removal and had revoked good conduct credits. (*Id.* p. 6.) He requested the Court "review … whether a[n] Order of Removal was imposed" and order the Bureau to reinstate his credits. (*Id.*) Respondent opposes the Petition, arguing that it should be dismissed because petitioner failed to exhaust his administrative remedies. (ECF No. 6 p. 11.) Alternatively, respondent argues that the Petition is meritless because the Act prohibits the application of good conduct credits to the sentences of prisoners with final removal orders. (*Id.* p. 14.)

After respondent submitted its answer, petitioner filed the Motion requesting to amend the Petition. (ECF No. 7.) He acknowledged receiving a copy of the Removal Order but argued that the Department "has exceeded it[s] statutory authority by issuing such an Expedited Order of Removal." (*Id.* p. 3.) He requested leave to amend the Petition "to include a claim that the

---

[1] I take judicial notice of the public filings in petitioner's criminal case.

underlying [Removal Order] is invalid and not within lawful authority of the [Department] officer that issued it." (*Id.* p. 5.) He subsequently requested to add another claim, arguing that the Bureau violated the *Ex Post Facto* clause by "taking back [petitioner's] earned [Act] time-credits that were calculated and applied up until the issuance of the [Removal Order] … ." (ECF No. 9 p. 1.)

## II. LEGAL STANDARD

### A. Section 2241 Proceedings

Title 28, Section 2243 of the United States Code provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *see also Muhammad v. Close*, 540 U.S. 749 (2004).

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002).

### B. Motion to Amend

A habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Federal Rule of Civil Procedure 15 permits the amendment of pleadings by leave of court, and such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Whether to permit amendment is left to the discretion of the court, and denial is proper when there is "undue delay, bad faith or dilatory motive on the

part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

### III. DISCUSSION

#### A. Exhaustion

"Although there is no statutory exhaustion requirement attached to § 2241," the Third Circuit has "consistently applied an exhaustion requirement to claims brought under § 2241." *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). "Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review." *Rodriguez v. Sage*, No. 1:22–cv–2053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (citing *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996)). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761–62.

The Bureau's administrative remedy system has three tiers allowing "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). "[A]n inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). "The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the

4

appropriate form (BP–9), is 20 calendar days following the date on which the basis for the Request occurred."  28 C.F.R. § 542.14(a).

Petitioner argues that the remedy program was unavailable to him because the Bureau did not respond to his informal request until after he filed the Petition. (ECF No. 7 pp. 1, 2.)  However, the program regulations explicitly state that "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.  In other words, once Fort Dix's staff did not respond to petitioner's informal remedy request within the set time, petitioner was to consider that a denial and proceed with filing a formal remedy request with the Warden.  28 C.F.R. § 542.14.  He also argues that exhaustion would have been futile because "if [he] is subjected to [sic] exhaust the available administrative remedies he will suffer the irreparable harm of serving a sentence longer than what was imposed."  (ECF No. 1–1 p. 4.)  "[T]he mere fact that the administrative process is time-consuming and might take from three to five months does not trigger the futility exception."  *Johnson v. United States*, No. 14–cv–05207, 2014 WL 4388610, at *5 (D.N.J. Sept. 5, 2014).

Petitioner's failure to file administrative remedy forms deprived the Bureau of a chance "to develop a factual record and apply its expertise" before he filed the Petition in federal court.  *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996); *Fernandez v. Warden, FCI Ft. Dix*, No. 24–cv–09014, 2024 WL 4542198, at *2 (D.N.J. Oct. 21, 2024) ("[T]he process would still serve the valid purpose of producing a record for review and in any event would have permitted [p]etitioner to dispute any factual issues he may have had.")  Therefore, I conclude that petitioner failed to exhaust his administrative remedies.

5

Failure to exhaust administrative remedies "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice[.]" *Moscato*, 98 F.3d at 761. Courts in this District have not excused the exhaustion requirement when the failure to exhaust was a choice. *See Hayes v. Ortiz*, No. 20–cv–05268, 2020 WL 3425291, at *5 (D.N.J. June 23, 2020) ("By choosing to skip the administrative process, [p]etitioner has delayed any relief that was available to him.") "[T]he calamity—if any—which [p]etitioner might be facing is of his own making, and such hypothetical self-inflicted distress cannot serve as a basis for excusing the exhaustion requirement." *Shoup v. Shultz*, No. 09–cv–00585, 2009 WL 1544664, at *5 (D.N.J. June 2, 2009). I find that petitioner has not demonstrated cause for his failure to exhaust and will dismiss the Petition accordingly.[2]

### B. Motion to Amend

After being provided with the Removal Order, petitioner filed the Motion seeking to add claims that he is not subject to removal proceedings pursuant to 8 U.S.C. § 1225(b)(1), that the Removal Order is invalid because the Department exceeded its statutory authority, and that the revocation of his credits violates the *Ex Post Facto* clause. (ECF Nos. 7, 9.) I will deny the Motion on futility grounds.

Under the Act, federal prisoners who complete "evidence-based recidivism reduction programming or productive activities" are entitled to earn good conduct credits to be applied towards early supervised release. 18 U.S.C. § 3632(d)(4)(A). However, the statute explicitly states that a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws."

---

[2] As I will discuss *infra*, petitioner also cannot demonstrate he will be prejudiced by dismissal because the Petition would fail on the merits.

18 U.S.C. § 3632(d)(4)(E)(i).  "The statute thus bars any inmate who is subject to a final order of removal from receiving [good conduct] credits or applying any previously earned credits towards early supervised release."  *Sanchez-Leyva v. Warden, FCI Ft. Dix*, No. 24–cv–06118, 2024 WL 4249544, at *2 (D.N.J. Sept. 20, 2024) (citing *Gonzalez-Garcia v. FCI Berlin, Warden*, No. 23–cv–00091, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023)).

The Department served petitioner with a copy of the Removal Order, finding petitioner inadmissible to the United States under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and ordering him removed from the United States pursuant to 8 U.S.C. § 1225(b)(1), on April 9, 2024.  (ECF No. 6–1 p. 10.)  Petitioner refused to sign the Removal Order.  (*Id.*)  The plain text of the Act prohibits the Bureau from applying good conduct credits to petitioner's sentence.  18 U.S.C. § 3632(d)(4)(E)(i); *Posso v. Warden FCI Fort Dix*, No. 24–cv–04555, 2024 WL 4615671, at *3 (D.N.J. Oct. 29, 2024) ("[T]he Act's language is unambiguous in prohibiting the Bureau from applying any good conduct credits to the sentences of federal prisoners with final removal orders.").

It would be futile to grant the Motion because I lack jurisdiction pursuant to § 2241 to decide petitioner's challenge to the validity of his Removal Order. "[T]he Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ... authorizes noncitizens to obtain direct 'review of a final order of removal' in a court of appeals."  *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020) (quoting 8 U.S.C. § 1252(a)(1)).  "[A] 'final order of removal' is a final order 'concluding that the alien is deportable or ordering deportation.'"  *Id.* (quoting 8 U.S.C. § 1101(a)(47)(A)).  Additionally, the REAL ID Act, Pub. L. No. 10943, 119 Stat. 231 (2005), "clarified that final orders of removal may not be reviewed in district courts, even via habeas corpus ...."  *Id.* at 580.  "[A] petition for review filed with an appropriate court of appeals ... shall be the sole and exclusive means for judicial review of an order of removal" and "includes all matters on which

the validity of the final order is contingent." 8 U.S.C. § 1252(a)(5); *Nasrallah*, 590 U.S. at 582 (internal quotation marks omitted).

My review is limited to whether petitioner "was ordered removed under [§ 1225(b)(1)]." 8 U.S.C. § 1252(e)(2)(B). Petitioner's Removal Order indicates an immigration officer determined on February 12, 2024 that he was inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) because he did not possess documents required by the Immigration and Nationality Act. (ECF No. 6–1 pp. 10, 11); *see also* 8 U.S.C. § 1225(b)(1)(A)(i). Accordingly, petitioner has been ordered removed pursuant to § 1225(b)(1). Petitioner's procedural challenges to the Removal Order itself are beyond the jurisdiction of this federal habeas court, making it futile to permit petitioner to add this claim to the Petition.

It would also be futile to allow petitioner to add a claim that the Bureau violated the *Ex Post Facto* clause when it revoked his credits. (ECF No. 9 p. 1.) "The *Ex Post Facto* Clause of the Constitution, U.S. Const. art. I §§ 9 and 10, forbids the government from passing any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" *PA Prison Soc. v. Cortes*, 622 F.3d 215, 234 (3d Cir. 2010) (quoting *Weaver v. Graham*, 450 U.S. 24, 28 (1981)). "[T]wo critical elements must be present for a criminal or penal law to be *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Weaver*, 450 U.S. at 29 (footnote omitted).

"The [Act] is not a retrospective law, and it does not impose punishment; it creates awards for those eligible to earn them." *Pineda v. Cruz*, No. 23–cv–04939, 2024 WL 2860289, at *4 (D.N.J. June 6, 2024) (footnote omitted). "[T]he same statute which granted [petitioner] the ability to earn the credits is the same enactment which denies him the ability to apply them to his release,

and [p]etitioner's entitlement to earn credits was thus from the beginning subject to the proviso that he would be unable to apply those credits if he were ever the subject of an order of removal." *Cazarez v. Warden, FCI Ft. Dix*, No. 23–cv–04457, 2023 WL 5623035, *2 (D.N.J. Aug. 31, 2023). Therefore, the Bureau did not violate the *Ex Post Facto* Clause by removing petitioner's earned time credits when he became ineligible for application of those credits upon issuance of the Removal Order, and it would be futile to allow petitioner to add that claim to the Petition.

## IV.     CONCLUSION

For the reasons stated above, I will dismiss the Petition for failure to exhaust and deny the Motion as futile. An appropriate Order accompanies this Opinion.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
UNITED STATES DISTRICT JUDGE

Dated: November 25, 2024